UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| WILLIAM LOGAN, | ) |
|---|---|
| Plaintiff, | ) |
| | ) Case No.: 1:19-cv-1875 |
| v. | ) |
| | ) Judge Marvin E. Aspen |
| B H 92 TRUCKING, INC., AP EXPRESS | ) |
| SERVICES, INC. and ALEN POSKOVIC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT B H 92 TRUCKING, INC.'S MOTION TO SET ASIDE DEFAULT JUDGMENT ENTERED AUGUST 29, 2019 PURSUANT TO FRCP 55(c) AND 60(b)**

Defendant, B H 92 Trucking, Inc., ("BH92"), by its attorneys, DEWALD LAW GROUP PC, and for its Motion to Set Aside the Default Judgment entered against it on August 29, 2019, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), states:

1. Rule 55(c) provides: "The Court may set aside an entry of default for good cause., and it may set aside a default judgment under Rule 60(b)." The test is identical as to motions under both Rule 55(c) and Rule 60(b), however the test is more liberally applied in the Rule 55(c) context. *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect, as well as any other reason that justifies relief; the "good cause" standard in Rule 55(c) must be easier to satisfy. *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007).

2. In order to vacate an entry of default, the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009); *see also Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). Good cause is demonstrated when

1

failure to file a timely appearance was due to inadvertence rather than a willful ignoring of the pending litigation. See *Cracco*, 559 F.3d at 631. A decision related to default judgment should consider the well-established principal that favors a trial on the merits above a default judgment. *Id.*

3. On October 11, 2017, complainant Dorrisha Tinnon filed a complaint with the Occupational Safety and Health Administration ("OSHA") under the Surface Transportation Assistance Act (STAA), 49 USC §31105. BH92 was represented by counsel in that administrative matter, and defended that matter for 18 months. See Declaration of Kemal Hamulic, attached hereto as Exhibit 1, and incorporated herein.

4. On March 18, 2019, this action was brought by Plaintiff as bankruptcy trustee of the underlying complainant's bankruptcy estate. Dkt. 1.

5. On May 28, 2019, Plaintiff filed a return of service for BH92 claiming corporate service on April 16, 2019, at 69 W. Washington, 12th Floor, Chicago, Illinois. Dkt. 10.

6. On May 30, 2019, a status hearing was held wherein the Court entered a default against all defendants, and set the matter for a prove up. Dkt. 14

7. On July 18, 2019, another status hearing was held wherein the Court required Plaintiff to given written notice to the parties of the various status hearings before it, and required Plaintiff to serve a copy of the transcript of the 7/18/2019 hearing on the defendants. Dkt. 15.

8. On August 29, 2019, a default judgment was entered in favor of Plaintiff and against BH92. Dkt. 24.

9. On September 12, 2019, Plaintiff filed a Petition for Fees (Dkt. 26) and on September 13, 2019, sent via certified mail to BH92's owner a copy of the default order and the Petition for Fees. See Hamulic Declaration at ¶ 6, Exhibit B.

10. This was the first written notice received by BH92 concerning this matter, any of the status dates held by the Court prior to then, and the default entered against it. See Hamulic Declaration at ¶ 7.

11. Upon receipt of Exhibit 1, BH92 retained counsel who reviewed the record in this case, and is hereby bringing the instant Motion to Set Aside. See Hamulic Declaration at ¶ 8.

12. A review of the return of service (Dkt. 10), indicates that Plaintiff claimed to have served BH92 via substitute service at the Illinois Secretary of State's office in Chicago.

13. The Illinois Business Corporations Act, "BCA" (805 ILCS 5/5.25) provides the manner in which substitute service of process can be effectuated through the Secretary of State. The full text of section 5.25 is attached hereto as Exhibit 2.

14. The BCA identifies five (5) specific instances upon which the Secretary of State can be appointed as agent for service of process. 805 ILCS 5/5.25(b). The BCA further identifies the steps that a party must take to properly effectuate service when one of those five (5) instances is present. 805 ILCS 5/5.25(c).

15. The BCA identifies that an affidavit of compliance be submitted to the Secretary of State identifying which instance authorizes the Secretary of State to accept service, and that once filed with the Secretary of State, transmission via **certified or registered mail** to **both** the last registered office of the company as shown on the Secretary of State records **and** at such address that the party reasonably believes will most likely result in actual notice. 805 ILCS 5/5.25(c).

16. To allay concerns on the appropriate procedure, the Secretary of State provides specific written instructions for effectuating service upon it. A true and correct copy of the Instructions for Corporations is attached hereto as Exhibit 3.

17. As a statutory construction, substitute service via Secretary of State can only be accomplished through strict compliance with all requirements by the serving party. *3M Co. v. John J. Moroney and Co.*, 374 Ill.App.3d 109 (1st Dist. 2007)(failing to serve at both the registered office and such other address is invalid service of process).

18. Plaintiff erred in serving through the Secretary of State in the following manners:

   a. failed to exercise reasonable diligence in its attempt to first serve BH92's registered agent;

   b. failed to send the filed copy of the Affidavit of Compliance to BH92; and,

   c. failed to send notice via certified or registered mail to both the last registered office and the address likely to result in actual notice to BH92.

19. The record does not indicate that Plaintiff exercised any diligence in attempting to serve BH92's registered agent, does not indicate that Plaintiff ever received a filed copy of the Affidavit of Compliance from the Secretary of State, and does not indicate that Plaintiff thereafter sent the filed Affidavit of Compliance, summons, and complaint via certified mail to both the last registered office and address likely to result in actual notice.[1] In fact, the record is devoid of any evidence that Plaintiff complied with the BCA for substitute service on the Secretary of State in any manner.

---

1 For example, notice could have been sent to BH92's attorney, whom Plaintiff and her counsel knew, or BH92's office and truck yard located in Bolingbrook, which Plaintiff and her counsel readily knew as well. See Declaration of Hamulic.

20. The only logical result is that Plaintiff did not comply with the BCA and the service upon BH92 was defective. As a result of this defective service, the default entered on May 30, 2019, and the default judgment entered on August 29, 2019, should not have occurred as the Court did not have personal jurisdiction over BH92.

21. Compounding matters, the record is devoid of any evidence that Plaintiff sent notice to BH92 of the status hearings held in this case, served a copy of the 7/18/19 transcript, or otherwise attempted to give notice to BH92 of the pending action as specifically ordered by the Court. It was only upon obtaining the default judgment and filing its Petition for Fees that Plaintiff finally sent written notice to BH92.

22. Had BH92 been given proper notice and been properly served with the summons and complaint, BH92 would have immediately appeared in this case and proffered the same defense to the action that it had been maintaining for 18 months before the Department of Labor in the underlying administrative action, namely, that BH92 was not a co-employer of Ms. Tinnon. Declaration of Hamulic at ¶ 4-5, Exhibit A, which is the Response filed in the underlying administrative action.

23. In fact, despite the defective service of process, BH92 herein does not move to quash service of process, has appeared, and will file an Answer to the Complaint within 14 days.

24. Based on the above, BH92 submits that it has met its burden establishing good cause as to why the default was entered, that it took quick action to correct its failure to appear and answer, and that it has a meritorious defense to the Complaint.

25. Given same, BH92 requests that the default entered on May 30, 2019, and the default judgment entered on August 29, 2019, should be set aside, that BH92 be granted leave

to file its Answer within 14 days, and that BH92 be otherwise permitted to appear and defend this action.

  WHEREFORE, Defendant, B H 92 Trucking, Inc., respectfully request this Honorable Court to set aside the default entered on May 30, 2019, and the default judgment entered on August 29, 2019, grant it leave to file its Answer to the Complaint, and grant any and all other relief as the Court sees fit.

                Respectfully Submitted,

                B H 92 TRUCKING, INC.

                By: /s/ Kevin K. McCormick (#6286831)
                   One of Its Attorneys

**DeWald Law Group PC**
1237 S. Arlington Heights Road
Arlington Heights, Illinois  60005
(847) 437-1246
kmccormick@dewaldlawgroup.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of October, he filed via ECF, and that a copy of B H 92 Trucking, Inc.'s Motion to Set Aside, was subsequently sent via electronic mail, to all parties of record.

By:   /s/ Kevin K. McCormick
      Kevin K. McCormick
      One of Its Attorneys

Kevin K. McCormick, #6286831
**DeWald Law Group PC**
1237 S. Arlington Heights Road
Arlington Heights, Illinois 60005
(847) 437-1246
kmccormick@dewaldlawgroup.com